15

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

D-1   DAVID HANSBERRY,
      a/k/a "Sarge," a/k/a "Hater,"
D-2   BRYAN WATSON,
      a/k/a "Bullet," and
D-3   KEVLIN OMAR BROWN,

Defendants.
_____/

Case:2:15-cr-20217
Judge: Murphy, Stephen J.
MJ: Patti, Anthony P.
Filed: 04-08-2015 At 03:48 PM
SEALED MATTER(LG)

VIOLATIONS:
      21 U.S.C. § 846
      21 U.S.C. § 841(a)(1)
      18 U.S.C. § 1951
      18 U.S.C. § 924(c)

## INDICTMENT

The Grand Jury charges that:

At all times relevant to this Indictment:

1.      Defendant DAVID HANSBERRY a/k/a "Sarge," a/k/a "Hater," was a police office in the Detroit Police Department. From approximately November 2009 through approximately November 2013, HANSBERRY was a Sergeant in the Detroit Police Department's Narcotics Section. In approximately November, 2013, Hansberry was promoted to Lieutenant. As a police officer, HANSBERRY was

authorized by Michigan law to make arrests and conduct searches and seizures.

2.    Defendant BRYAN WATSON, a/k/a "Bullet," was a police officer in the Detroit Police Department's Narcotics Section. As an officer, WATSON was authorized by Michigan law to make arrests and conduct searches and seizures.

3.    Defendant KEVLIN OMAR BROWN was an associate of defendant DAVID HANSBERRY.

4.    From in or before June 2010 through in or about October 2014, defendants DAVID HANSBERRY, BRYAN WATSON, and others known and unknown to the Grand Jury, would arrange drug transactions in which substantial amounts of controlled substances were intended to be purchased or sold by private parties, including informants of the defendants.

5.    Rather than complete the drug transactions, defendants DAVID HANSBERRY, BRYAN WATSON, and others known and unknown to the Grand Jury, would rob and extort participants in those transactions of controlled substances, money, and personal property.

2

6.     In furtherance of these robberies and extortions, defendants DAVID HANSBERRY and BRYAN WATSON carried out pretext traffic stops and fake arrests, so that they could unlawfully take controlled substances, money, and personal property from the persons of the victims and from their vehicles.

7.     Defendant DAVID HANSBERRY and BRYAN WATSON used their status as law enforcement officers to carry out these robberies and extortions, including driving police vehicles, activating lights on their police vehicles, wearing police-issued attire, displaying official badges, and carrying firearms. Defendants DAVID HANSBERRY and BRYAN WATSON would also identify themselves as law enforcement officers performing official law enforcement duties in order to coerce their victims into complying with their demands and to encourage their victims to flee, leaving behind their controlled substances, money, or personal property.

8.     Defendants DAVID HANSBERRY, BRYAN WATSON, and others known and unknown to the Grand Jury, did not log or place the money, property, and controlled substances they obtained during these pretext traffic stops and fake arrests into evidence with the Detroit

3

Police Department. Rather, they would divide amongst themselves the money, property, and controlled substances obtained from their victims and would sell the controlled substances in order to split the proceeds of such sales.

9.     In addition, defendants DAVID HANSBERRY, BRYAN WATSON, and others known and unknown to the Grand Jury, diverted some of the controlled substances and money confiscated from searches of homes and vehicles for their own purposes, did not log or place those confiscated controlled substances and money into evidence with the Detroit Police Department, and shared those controlled substances and money amongst themselves. Defendants DAVID HANSBERRY, BRYAN WATSON, and others known and unknown to the Grand Jury, arranged the sale of the diverted controlled substances by and through others, including informants, in order to share in the proceeds of those sales amongst themselves.

## COUNT ONE

(21 U.S.C. § 846 - *Conspiracy to Possess with
Intent to Distribute Controlled Substances*)

**D-1   DAVID HANSBERRY**
**D-2   BRYAN WATSON**

10.    The allegations contained in paragraphs One through Nine are incorporated and re-alleged as if fully stated in this Count.

11.    From in or before June 2010 through in or about October 2014, in the Eastern District of Michigan, Southern Division, the defendants, DAVID HANSBERRY and BRYAN WATSON, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other individuals, known and unknown to the Grand Jury, to commit the following offenses against the United States: to knowingly and intentionally possess with intent to distribute controlled substances, that is:

a) 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine;

b) A mixture or substance containing a detectable amount of heroin; and

5

c) A mixture or substance containing a detectable amount of

marijuana,

in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.


## COUNT TWO

(18 U.S.C. § 1951 – *Conspiracy to Interfere with Commerce by Robbery*)

**D-1   DAVID HANSBERRY**
**D-2   BRYAN WATSON**

12.   The allegations contained in paragraphs One through Nine

are incorporated and re-alleged as if fully stated in this Count.

13.   From in or before June 2010 through in or about October

2014, in the Eastern District of Michigan, Southern Division, the

defendants, DAVID HANSBERRY and BRYAN WATSON, did

knowingly and intentionally combine, conspire, confederate, and agree

with each other and with other individuals, known and unknown to the

Grand Jury, to unlawfully obstruct, delay and affect commerce and the

movement of any article and commodity in commerce, by extortion and

robbery, in that they agreed to unlawfully take and obtain property

from the persons and in the presence of others, against their will, by

means of actual or threatened force, violence, fear of injury, immediate

or future, to their persons or property, and in that they agreed to obtain

the property of others by the wrongful use of actual and threatened

force, violence, and fear, and under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT THREE

(18 U.S.C. § 1951; 18 U.S.C. § 2 – *Interference with Commerce by
Robbery and Extortion; Aiding and Abetting*)

**D-1   DAVID HANSBERRY**
**D-3   KEVLIN OMAR BROWN**

14.    In or about January 2012, in the Eastern District of

Michigan, Southern Division, the defendants, DAVID HANSBERRY

and KEVLIN OMAR BROWN, did unlawfully obstruct, delay and affect

commerce and the movement of any article and commodity in

commerce, and aided and abetted each other and others known to the

Grand Jury in doing so, by robbery and extortion, that is Defendants

took money that belonged to victim C.B., who had traveled in interstate

commerce to Michigan in order to purchase controlled substances with

such money, by the wrongful use of actual and threatened force,

violence, and fear, and under color of official right, all in violation of

Title 18, United States Code, Sections 1951 and 2.

## COUNT FOUR

(18 U.S.C. § 1951; 18 U.S.C. § 2 – *Interference with Commerce by
Robbery and Extortion; Aiding and Abetting*)

**D-1   DAVID HANSBERRY**
**D-2   BRYAN WATSON**

15.    On or about September 6, 2012, in the Eastern District of

Michigan, Southern Division, the defendants, DAVID HANSBERRY

and BRYAN WATSON, did unlawfully obstruct, delay and affect

commerce and the movement of any article and commodity in

commerce, and aided and abetted each other and others known to the

Grand Jury in doing so, by robbery and extortion, that is Defendants

took money that belonged to victim D.B., who planned to purchase

controlled substances with such money, by the wrongful use of actual

and threatened force, violence, and fear, and under color of official right,

all in violation of Title 18, United States Code, Sections 1951 and 2.

8

## COUNT FIVE

*(18 U.S.C. § 924(c); 18 U.S.C. § 2 – Possession of a Firearm in
Furtherance of a Crime of Violence; Aiding and Abetting)*

**D-1 DAVID HANSBERRY**
**D-2 BRYAN WATSON**

16.    On or about September 6, 2012, in the Eastern District of
Michigan, Southern Division, and elsewhere, the defendants, DAVID
HANSBERRY and BRYAN WATSON, did knowingly possess a firearm,
and aid and abet each other in the possession of a firearm, in
furtherance of a crime of violence for which defendants may be
prosecuted in a court of the United States, that is, the robbery and
extortion of victim D.B. set forth in Count Four, and such firearm was
brandished, in violation of Title 18, United States Code, Sections
924(c)(1)(A) and 2.

## COUNT SIX

*(18 U.S.C. § 1951; 18 U.S.C. § 2 – Interference with Commerce by
Robbery and Extortion; Aiding and Abetting)*

**D-1 DAVID HANSBERRY**
**D-2 BRYAN WATSON**

17.    On or about April 16, 2013, in the Eastern District of
Michigan, Southern Division, and elsewhere, the defendants, DAVID

9

HANSBERRY and BRYAN WATSON, did unlawfully obstruct, delay and affect commerce and the movement of any article and commodity in commerce, and aided and abetted each other and others known to the Grand Jury in doing so, by robbery and extortion, that is defendants took controlled substances belonging to victim R.V., who had traveled in interstate commerce in order to sell the controlled substances in Michigan, by the wrongful use of actual and threatened force, violence, and fear, and under color of official right, all in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT SEVEN

(21 U.S.C. § 841; 18 U.S.C. § 2 – *Possession with Intent to Distribute 5 Kilograms or more of Cocaine; Aiding and Abetting*)

**D-1   DAVID HANSBERRY**
**D-2   BRYAN WATSON**

18.    On or about April 16, 2013, in the Eastern District of Michigan, Southern Division, and elsewhere, the defendants, DAVID HANSBERRY and BRYAN WATSON, did knowingly and intentionally possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, and did aid and

10

abet each other's and other persons' knowing and intentional possession

with intent to distribute 5 kilograms or more of a mixture or substance

containing a detectable amount of cocaine, in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code,

Section 2.

## COUNT EIGHT

(18 U.S.C. § 924(c); 18 U.S.C. § 2 – *Possession of a Firearm in Furtherance of a Crime of Violence and Drug Trafficking Crime; Aiding and Abetting*)

**D-1  DAVID HANSBERRY**
**D-2  BRYAN WATSON**

19.    On or about April 16, 2013, in the Eastern District of

Michigan, Southern Division, and elsewhere, the defendants, DAVID

HANSBERRY and BRYAN WATSON, did knowingly possess a firearm,

and aid and abet each other in the possession of a firearm, in

furtherance of a crime of violence and a drug trafficking crime for which

defendants may be prosecuted in a court of the United States, that is,

the robbery and extortion of victim R.V. set forth in Count Six and

possession with intent to distribute controlled substances as set forth in

Count Seven, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## FORFEITURE ALLEGATIONS

20.    The allegations of Counts One through Eight of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of certain property in which the defendants have an interest, pursuant to the provisions of Title 18, United States Code, Section 982, Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924(d)(1).

21.    Upon conviction of any of the violations alleged in Counts One through Eight, the defendants shall forfeit to the United States any property constituting or derived from any proceeds which the Defendants obtained, directly or indirectly, or any property traceable thereto, as the result of such violations, any property which the defendants used or intended to be used in any manner or part to commit or to facilitate the commission of such violations, and/or any property involved in such violations, or any property traceable thereto.

12

22.     If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

(A)     cannot be located upon the exercise of due diligence;

(B)     has been transferred or sold to, or deposited with a third party;

(C)     has been placed beyond the jurisdiction of the Court;

(D)     has been substantially diminished in value; or

(E)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property and, in addition, to require the defendants to return any such property to the jurisdiction of the Court for seizure and forfeiture.

All pursuant to Title 18, United States Code, Section 982, Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924(d)(1).

**THIS IS A TRUE BILL**.


s/Grand Jury Foreperson
GRAND JURY FOREPERSON


BARBARA L. McQUADE
United States Attorney


s/Louis P. Gabel
LOUIS P. GABEL
Assistant United States Attorney


s/Sheldon N. Light
SHELDON N. LIGHT
Assistant United States Attorney


Date: April 8, 2015

14

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cov** | Case:2:15-cr-20217<br>Judge: Murphy, Stephen J.<br>MJ: Patti, Anthony P.<br>Filed: 04-08-2015 At 03:48 PM<br>SEALED MATTER(LG) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to comp

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008    [ ]

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes     ☒ No | **AUSA's Initials:**  _SNL_ |

**Case Title:** USA v.  D-1 DAVID HANSBERRY, et al

**County where offense occurred :**  Wayne

**Check One:**    ☒ Felony          ☐ Misdemeanor          ☐ Petty

✓ Indictment/____ Information --- **no** prior complaint.
____ Indictment/____ Information --- based upon prior complaint [Case number:                    ]
____ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

April 8, 2015
_____
Date

SHELDON N. LIGHT
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9732
Fax:    313-226-3413
E-Mail address: Sheldon.Light@usdoj.gov
Attorney Bar #:  P28798

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.                                     04/13