UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:15-cr-20217

v.

HONORABLE STEPHEN J. MURPHY, III

D-1 DAVID HANSBERRY,

    Defendant.

                                      /

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL [168]</u>**

Following a seven week trial, a unanimous jury convicted Defendant David Hansberry of conspiracy to commit extortion (Count One). On February 22, 2017, the Court sentenced him to 151 months in prison. A few days before his sentence hearing (which had been adjourned several times at his request), Hansberry filed the present motion for a new trial. Defendant Bryan Watson later joined the motion, but did not submit additional arguments.

The Government's theory on Count One, among other things, was that the Defendants agreed with Gary Jackson and others to steal money and drugs during legitimate law-enforcement operations and put the proceeds of the thefts to their own use. One of the law-enforcement operations involved the seizure of more than $2,000,000 from a truck parked in Detroit, Michigan in 2010. The seizure occurred as a result of information that Jackson had provided to Hansberry about the truck, the amount of money that was likely to be found in it, and the cause the police would have to conclude that the money came from the sale of illegal drugs.

At trial, Jackson testified as a Government witness. During his cross examination, Hansberry attempted to discredit Jackson's testimony and impeach him by introducing and

confronting him with a prior recorded statement that Hansberry asserts was made on May 6, 2014.[1] Hansberry failed to lay a proper foundation for the recorded statement, the Government objected to its introduction, and the Court sustained the objection. Hansberry now argues that the Court's exclusion of the statement constitutes an error of constitutional magnitude because, during trial, the prosecutor failed to provide information to Hansberry's defense attorney to help authenticate the statement being offered. But because Hansberry's motion is untimely, his argument is unmeritorious, and the Court properly excluded the statement, the Court will deny the motion.

## DISCUSSION

Hansberry filed his motion for relief approximately seven months after the jury returned its verdict. The motion should probably be denied as untimely to the extent that it seeks relief under Federal Rule of Criminal Procedure 33. Pursuant to that rule, a motion for new trial based on grounds other than newly discovered evidence must be filed within 14 days after verdict. Fed. R. Crim. P. 33(b)(2). There are several reasons to conclude, contrary to the Defendant's suggestion, that Agent Fitzgerald's January 12, 2017 302 Report, which the Defendant asserts was produced on February 15, 2017, was not newly discovered evidence. *See United States v. Carson*, 560 F.3d 566, 585 (6th Cir. 2009) (denying defendant's Rule 33 motion because "the evidence is merely . . . impeaching"). And there is no reason that a motion attacking the Court's decision to exclude the recording

---

[1] At trial, Defendant Hansberry suggested that the recording was made during a separate, unrelated federal criminal investigation that involved the witness, but not the defendants on trial here.

at issue could not have been filed long before it was.[2] But on any basis, the motion is without merit.

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justices so requires." Fed. R. Crim. P. 33(a). The Court has broad discretion to determine the merits of a motion filed under Rule 33. *United States v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982) (citations omitted). "The permissible reasons for granting new trial . . . are not limited by" the rule. *United States v. Bost*, 144 F. Supp. 2d 892, 901 (W.D. Mich. 2001). At most, Rule 33 requires a trial court to "weigh the errors against the record as a whole to determine whether those errors in the conduct of the trial justify a new trial." *United States v. Rapanos*, 115 F.3d 367, 372 (6th Cir. 1997) (internal quotations omitted). And the defendant bears the burden of proving that a new trial should be granted. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991).

Also, a Rule 29 motion for judgment of acquittal and a Rule 33 motion for a new trial are governed by far different standards: a motion for a new trial involves a broader scope of review than a motion for acquittal. On a Rule 33 motion for a new trial, therefore, a district court may consider the credibility of the witnesses and the weight of the evidence to insure that there is no miscarriage of justice. *United States v. Turner*, 490 F. Supp. 583, 593 (E.D. Mich. 1979), *aff'd*, 633 F.2d 219 (6th Cir. 1980). In other words, "[i]n contrast to Rule 29—under which a trial court must view the evidence in a fashion most favorable to

---

[2] The motion that was filed contained a caption for the United States Court of Appeals and several other irregularities. In addition, counsel for Defendant Hansberry filed a motion to withdraw from representing Hansberry during the pendency of the motion. Accordingly, and given the straightforward nature of the question to be resolved here, the Court finds that a hearing on the motion would not be of any assistance or use. *See* Local Rule 7.1.

the Government—Rule 33 places no such restriction." *United States v. Haywood*, No. 3:98CR789, 1999 WL 1489895, at *6 (N.D. Ohio Oct. 1, 1999).

The parties spend a good deal of time in their briefs arguing over the veracity of some trial testimony and whether the Government properly disclosed evidence in discovery. Defendant does not contest that the Government produced in discovery audio recordings from a criminal investigation of cooperator Gary Jackson. At trial, however, the Government objected to admission of one of the audio recordings because defense counsel had failed to lay a proper foundation for the recording. According to Hansberry, the Government "knew" the audio recording contained Jackson's voice but nonetheless objected. Hansberry argues that the Government violated *Brady* or *Giglio* by failing to disclose that the voice on the recording belonged to Jackson and by raising the objection. As noted *supra*, that argument could have been lodged with the Court within 14 days of the verdict.

But the centerpiece of Hansberry's argument now—the FBI 302 report acknowledging Jackson's voice on the audio recording—actually demonstrates that the Government did not review the recording until four months after the jury verdict in the trial. At the time of the trial, the Government lawyers had never even listened to the audio recording in question, which was one of 3,500 total phone calls made by Jackson on three separate phones. The Government could not have failed to disclose information during trial that it obtained four months afterwards. Hansberry offers nothing to show otherwise.

More importantly, debate over disclosure is not germane. The simple issue is whether the Court properly excluded a recorded conversation that Hansberry sought to introduce to impeach a Government witness. A review of the trial testimony reveals that the Court's evidentiary ruling was entirely proper, and procedurally sound. There is absolutely

no interest of justice that would merit the time and expense of a new trial under Rule 33. Nevertheless, interests of fairness will lead the Court to construe Hansberry's motion as one for reconsideration of the Court's evidentiary ruling at trial.

"It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). The movant must show (1) a "palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled"; and (2) that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

Upon reconsideration, the Court will deny the latest motion as unmeritorious. Hansberry fails to show any error in the Court's ruling that defense counsel failed to establish a foundation to admit the voice recording as evidence. "The Federal Rules of Evidence require evidence to be authenticated or identified through a showing 'sufficient to support a finding that the matter in question is what its proponent claims.'" *United States v. Simms*, 351 F. App'x 64, 68 (6th Cir. 2009) (quoting Fed.R.Evid. 901(a)). "When the speaker's identity is at issue, '[t]he standard for the admissibility of an opinion as to the identity of the speaker is merely that the identifier has heard the voice of the alleged speaker at any time." *Id.* (quoting *United States v. Cooke*, 795 F.2d 527, 530 (6th Cir.1986)) (quotations omitted).

Hansberry's attorney failed in all respects to lay a foundation for the recorded statement he wished to play to the jury. Along with failing to provide a transcript of the conversation or to get Jackson to identify the voice he heard on the recording, he failed to

establish (1) how the recording was made, or by whom; (2) the time or place at which the conversation occurred; (3) the equipment used to record the conversation or the general reliability of the recording; (4) the relevance of the conversation; (5) that the recording had been shown to the Government so that its lawyers might formulate a position on its admissibility; (6) a chain of custody for the recording; (7) that the recording was in any way an accurate reproduction of the conversation; and (8) that the witness through which defendant sought to introduce the recording recognized the witness' voice on the recording.

The parties spend a large amount of time in their briefs arguing about whether Jackson's testimony that he "really couldn't tell honestly if that was" his voice on the recording was indeed true. It is hard to see, without reading the mind of the witness, how that statement might be true or false. But even if the recording contained Jackson's voice and he knew it, the significant deficiencies in establishing a foundation for the admissibility of the recording render the point moot: the defense attorney still did nothing to further authenticate the recording or to demonstrate that it was relevant to proper impeachment. What Hansberry really requests of the Court here is to penalize the prosecutor for not standing up in open court and saying, "The voice on the tape is Jackson's." That request would, of course, be completely improper. It is incumbent upon the *"proponent of the evidence"* to demonstrate the authenticity and relevance of a piece of evidence, not an opposing attorney. *See, e.g.*, *United States v. Fults*, 639 F. App'x 366, 373 (6th Cir. 2016) (emphasis added). And there are several ways the defense attorney could have laid a foundation to enter the recording into evidence. His failure to do so is not a basis for a new trial.

In sum, the defense attorney provided no basis at all on which the Court could

properly or fairly receive the recording into evidence and permit it to be played before the jury. Defendant has not only failed to establish any palpable defect or error in the Court's evidentiary ruling, he has failed to demonstrate any error at all. The audio recording was not admitted into evidence based on defense counsel's failure to follow the most basic rules of evidence. His motion for a new trial must be denied.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion for a New Trial [168] is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 24, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 24, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager