UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:15-cr-20217-1
Civil Case No. 2:20-cv-12934

v.

HONORABLE STEPHEN J. MURPHY, III

D-1 DAVID HANSBERRY,

        Defendant.

_____/

## OMNIBUS OPINION AND ORDER

The Court sentenced Defendant David Hansberry to 151 months' imprisonment after a jury convicted him of conspiracy to obtain property by extortion under color of official right. ECF 176, PgID 1942–43. The Sixth Circuit affirmed his sentence on June 13, 2019. *United States v. Watson*, 778 F. App'x 340 (6th Cir. 2019). Defendant's petition to have his appeal heard en banc was denied on July 24, 2019. Based on the Court's review of the Supreme Court's docket, he took no other action to appeal the case. If Defendant chose to file a § 2255 petition from his conviction—which he did—it was due no later than October 22, 2020 under the applicable federal deadlines. ECF 271, PgID 7130.

The day before the filing deadline, Defendant moved for equitable tolling, an extension of time, or, in the alternative, to amend the § 2255 petition (even though it had not yet been filed). ECF 297. In the motion, Defendant attached a brief in support of the proposed § 2255 petition. *Id.* at 7466–541. Defendant also explained that the

1

lengthy accompanying brief was "incomplete" and that he needed more time to "fully develop all of the arguments[.]" *Id.* at 7541.

On the filing deadline date, Defendant submitted a form § 2255 petition. ECF 298. The petition failed to state the grounds or facts that supported the petition. *Id.* at 7548–53. Rather, the petition referred to the long brief, ECF 297, for crucial information. *See* ECF 298, PgID 7548–53.

Since then, Defendant has moved for a stay, an equitable tolling extension, and to amend the § 2255 petition. ECF 308. Defendant also notified the Court that he was transferred to a new facility and thus requested to stay his § 2255 case, ECF 312, and he also moved to extend the time to file a reply, ECF 314, to the Government's response, ECF 316. And Defendant has moved to compel the warden of his prison to return his legal documents. ECF 321. The Government has also moved to strike two motions: ECF 297 and 308. ECF 309, 310 (amended motion to strike).

## DISCUSSION

The Court will first grant in part and deny in part the Government's amended motion to strike. After, the Court will address Defendant's remaining motions.

I. <u>Motion to Strike</u>

In the motion to strike, the Government pointed out that Local Rule 7.1 applies to briefs filed in § 2255 proceedings. ECF 310, PgID 7645 (citing *Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017)); *see also United States v. Reynolds*, No. 18-13104, 2020 WL 209749, at *3 (E.D. Mich. Jan. 14, 2020) (striking a § 2255 brief for not complying with Local Rule 7.1 and allowing the defendant to refile). Because

2

Defendant filed a memorandum that exceeded Local Rule 7.1(d)(3)'s twenty-five-page limit, the Government moved to strike it. ECF 310, PgID 7645.

A § 2255 brief must comply with Local Rule 7.1. *See Martinez*, 865 F.3d at 844 (holding that Local Rules apply to briefs filed in § 2255 proceedings); *see also Reynolds*, 2020 WL 209749, at *3. Defendant's brief in support of the § 2255 motion clearly exceeded Local Rule 7.1(d)(3)(A)'s twenty-five-page limit. *See* ECF 297. The brief also ignored Local Rule 5.1(a)(2)'s double space requirement. *See* ECF 297; E.D. Mich. L.R. 7.1(b)(1) ("Motions must comply with LR 5.1."). Thus, the Court will strike ECF 297. But the Court will not strike ECF 308 because the motion is only fourteen pages long with several attached exhibits. *See* E.D. Mich. L.R. 7.1(d)(3)(A) ("The text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 25 pages.").

Without the accompanying brief, Defendant's § 2255 petition violates Rules 2(b)(1) and (2) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Rule 2(b)(1) requires a § 2255 petition to "specify all the grounds for relief available to the moving party[.]" And Rule 2(b)(2) requires a § 2255 petition to "state the facts supporting each ground [for relief.]" Because the petition is defective, the Court will allow Defendant "an opportunity to conform his motion to Rule 2(b)'s procedural requirements[.]" *United States v. Guerrero*, 488 F.3d 1313, 1315–17 (10th Cir. 2007); *see also Kafo v. United States*, 467 F.3d 1063, 1069–71 (7th Cir. 2006) (same).

In the future, the Court reminds Defendant that any filing he submits to the Court must comply with Local Rule 7.1. Defendant may therefore file either: (1) a brief of no more than twenty-five pages, doubled-spaced, with 14-point font; or (2) a brief of no more than twenty pages, doubled-spaced, with 12-point font. *Reynolds*, 2020 WL 209749, at *3 (quotation omitted). If Defendant's filings violate Local Rule 7.1, the Court will strike the filings.

II.   Motions for Equitable Tolling

Defendant has also twice moved for equitable tolling. As set forth above, Defendant submitted the first motion before he filed the § 2255 petition. ECF 297. Defendant filed the second motion two months after he filed the § 2255 petition. ECF 308. The Court will treat the second motion as an amended motion for equitable tolling because the requested relief in the second is the same as in the first. *Compare* ECF 297, PgID 7465 (requesting more time to complete § 2255 motion) *with* ECF 308, PgID 7591–92 (requesting more time to complete § 2255 motion); *see generally Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (explaining that Courts should liberally construe pro se filings).

Defendant has a right to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citation omitted). The Court has already found that Defendant has satisfied both prongs in its earlier, (now-vacated) order granting equitable tolling. ECF 271, PgID 7130–31. For the same reasons stated in that order,

4

the Court will grant the motion to equitably toll. The Court will equitably toll the limitations period so that Defendant can submit a completed § 2255 motion that complies with the rules. The limitations period will end seventy-five days from the date of this order.

III. Case Management

The Court will deny Defendant's motions to extend, ECF 297, 314, as moot because the Court has allowed Defendant to refile a completed § 2255 petition and brief. For the same reason, the Court will deny Defendant's motions to stay the case and motion to amend as moot. ECF 297, 308, 314.

The Court will also deny Defendant's motion to compel the prison warden to return his legal materials for two reasons. ECF 321. First, the warden is not a party to the present case. Second, Defendant has not shown that he has exhausted his administrative remedies on the issue. *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

Going forward, Defendant has seventy-five days from the date of this order to amend the § 2255 form petition to comply with Federal Rules. *See generally Rules Governing Section 2255 Proceedings for the United States District Courts*. During that time, Defendant must also submit a brief in support of the § 2255 motion. The brief must comply with local rules. *See generally* E.D. Mich. L.R. 7.1. If the brief violates local rules or is untimely filed, the Court will strike the brief.

The Court will not afford future extensions to the deadline. *See, e.g., Reynolds*, 2020 WL 209749, at *4 ("[Defendant] is further advised that the Court will not entertain any additional motions seeking an extension of time for filing his brief, or any motions seeking to file an over-sized brief.") (quotation omitted). Defendant has had over a year and a half to complete the § 2255 motion. In fact, Defendant has represented to the Court that he has continued to work on it while the above orders were pending. ECF 308, PgID 7590. The Court has decided seventy-five days is enough for Defendant to complete the § 2255 motion because it is how long Defendant requested. ECF 297, PgID 7465; ECF 308, PgID 7591. If Defendant submits a timely brief and form petition that both comply with the local and federal rules, the Court will order the Government to respond.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for equitable tolling, extension of time, or to amend [297] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's motion to stay § 2255 proceedings and request to grant equitable tolling [308] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's memorandum in support of the § 2255 motion, ECF 297, PgID 7466–542, is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that the Government's motion to strike [309] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Government's amended motion to strike [310] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's motion to notify of transfer [312] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's motion for extension to reply to the Government's response [314] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's motion to compel the warden to return his legal documents [321] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant must **AMEND** the § 2255 form petition to comply with Federal and Local Rules no later than **June 8, 2021**.

**IT IS FURTHER ORDERED** that must **FILE** an amended brief in support of his § 2255 petition that complies with Federal and Local Rules no later than **June 8, 2021**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 25, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 25, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager