UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.

DAVID HANSBERRY,

        Defendant/Petitioner.

                                /

Criminal Case No. 2:15-cr-20217-1
Civil Case No. 2:20-cv-12934

HONORABLE STEPHEN J. MURPHY, III

### ORDER DENYING MOTION
### FOR LEAVE TO FILE AN EXCESS BRIEF [334]
### AND DENYING MOTION TO VACATE SENTENCE
### UNDER 28 U.S.C. § 2255 [298] WITHOUT PREJUDICE

After Defendant David Hansberry submitted several motions related to the motion to vacate his sentence under 28 U.S.C. § 2255, the Court issued an omnibus opinion and order that explained the § 2255 motion was defective. ECF 322. In short, the § 2255 motion violated Rules 2(b)(1) and (2) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*. ECF 322, PgID 7815. Defendant's form § 2255 motion "failed to state the grounds or facts that supported" it. *Id.* at 7814; *see also* ECF 298, PgID 7548–53. Although the accompanying brief contained that crucial information, the brief violated several local rules, and so the Court struck the brief. ECF 322, PgID 7814–15; *see also* ECF 297.

Rather than deny the petition at the time, the Court gave Defendant "an opportunity to conform his motion to Rule 2(b)'s procedural requirements." ECF 322, PgID 7815 (quoting *United States v. Guerrero*, 488 F.3d 1313, 1315–17 (10th Cir.

1

2007)). The Court also granted Defendant's motion to equitably toll the limitations period seventy-five days "so that Defendant can submit a completed § 2255 motion that complies with the rules." *Id.* at 7817. The Court explained that Defendant must submit a brief that complies with Local Rule 7.1. *Id.* at 7816 ("Defendant may therefore file either: (1) a brief of no more than twenty-five pages, doubled-spaced, with 14-point font; or (2) a brief of no more than twenty pages, doubled-spaced, with 12-point font.") (quoting *United States v. Reynolds*, No. 18-13104, 2020 WL 209749, at *3 (E.D. Mich. Jan. 14, 2020)).

Defendant timely submitted a new brief. The brief, however, came in two separate filings. Part of the brief is found in ECF 332, the other part is found in ECF 334, PgID 8079–99. All told, the brief totaled eighty-one pages. *Id.* at 8099.

But Defendant also moved for leave to file the oversized brief in support of the § 2255 motion. *Id.* at 8021. Defendant explained that he needed to submit the eighty-one-page brief because he "is not a trained lawyer" and is therefore "not equipped to write such an extensive argument as precisely as a trained legal [writer]." *Id.* Defendant even claimed that a trained lawyer would be unable to adequately present the arguments in twenty-five pages. *Id.* In support, Defendant explained that many briefs in his criminal matter generally have been oversized. *Id.* The Court reviewed the filings and a hearing is unneeded. *See* E.D. Mich. L.R. 7.1(f)(1).

Motions to vacate under § 2255 are civil proceedings. *Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017). Because of that, the local rules apply to Defendant's motion. E.D. Mich. LR 1.1(c) ("These rules apply in civil and criminal

actions."); *see, e.g.*, *Reynolds*, 2020 WL 209749, at *3 (striking a § 2255 brief for not complying with Local Rule 7.1).

The Court will deny the motion to file the oversized brief for three reasons. First, in the Court's last order, the Court stressed that Defendant must submit a brief not exceeding twenty-five pages. ECF 322, PgID 7816. "Rather than comply with the Court's straightforward order and file a brief in compliance with the page limitations," Defendant chose not to do so. *Reynolds*, 2020 WL 209749, at *3. Defendant had more than enough notice to comply with local rules.

Second, Defendant's brief did not merely exceed the twenty-five-page limit; it surpassed more than three times the page limit. The statement of facts alone consisted of twenty pages—an unnecessary amount considering the Court presided over Defendant's trial and sentencing. ECF 332, PgID 7956–75. Put simply, Defendant's brief needlessly magnified the discussion necessary to resolve the motion to vacate.

Third, although Defendant is not a lawyer, that does not preclude Defendant from concisely briefing the motion. Indeed, a co-defendant from Defendant's trial concisely briefed his § 2255 motion with a brief below the twenty-five-page limit. *See United States v. Watson*, 15-cr-20217, ECF 289 (E.D. Mich. June 3, 2020). Beyond that, Defendant's concern that his § 2255 motion is somehow unique and requires eighty pages to brief is unfounded. For context, the Sixth Circuit issued a thirty-two-page opinion that covered not only Defendant's appeal, but also his co-Defendant's appeal. ECF 265. The Court also has an extensive grasp of the facts in this case. At

bottom, Defendant can sufficiently brief the issues within twenty-five pages. After all, the Court can always order supplemental briefing if an argument needs more development. For those three reasons, the Court will deny the motion for leave to file an excessively sized brief. The Court will order the Clerk of the Court to strike the brief for violating local rules.

Without the brief supporting the motion to vacate, the Court will deny the motion to vacate without prejudice. A defendant sentenced by a federal court may seek "to vacate, set aside, or correct the sentence" under § 2255(a). The statute provides four grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or [federal] laws [], (2) that the [C]ourt [lacked] jurisdiction to impose [the] sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).

Defendant's motion to vacate lacks the allegations needed to support a § 2255 claim because it violates Rules 2(b)(1) and (2) of the *Rules Governing Section 2255 Proceedings*. Rule 2(b)(1) requires a § 2255 petition to "specify all the grounds for relief available to the moving party." The Court allowed Defendant to conform his

defective motion to Rule 2(b)'s procedural requirements, but Defendant failed to do so. The motion, without the supporting brief, lacks any facts or analysis to support his claims for relief. ECF 298, PgID 7546–53; *see O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."). As a result, the Court will deny the motion to vacate without prejudice.

Given the dismissal without prejudice, Defendant may move to vacate his sentence under § 2255 in the future. Because the one-year limitations period has expired, the Court reminds Defendant that he must move to equitably toll the limitations period when he files the § 2255 motion. The Court will review a motion to equitably toll after it is properly filed. What is more, because the Court is denying the motion to vacate, the Court will deny Defendant's request for discovery and to expand the record, ECF 334, PgID 8021–22, as moot.

Last, to appeal the Court's decision, Defendant must obtain a certificate of appealability. To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Defendant must show "that reasonable jurists could debate whether" the Court should have resolved the § 2255 motion "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation

5

omitted). Jurists of reason would not debate the Court's denial of the motion because the Court gave Defendant a good deal of time to cure the deficiencies in the motion and Defendant failed to do so. The Court will therefore deny a certificate of appealability.

The Court will also deny Defendant leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

**WHEREFORE**, it is hereby **ORDERED** that the motion to vacate sentence under 28 U.S.C. § 2255 [298] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to file an oversized memorandum in support of the motion to vacate [334] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **STRIKE** docket filings ECF 332, 334.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **CLOSE** Civil Case No. 2:20-cv-12934.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 28, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 28, 2021, by electronic and/or ordinary mail.

                                              s/ David P. Parker
                                              Case Manager