UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

Case No. 2:15-cr-20217-1
Civil Case No. 2:21-cv-12245

v.

HONORABLE STEPHEN J. MURPHY, III

DAVID HANSBERRY,

              Defendant.

                                                /

## OMNIBUS OPINION AND ORDER

The Court denied Defendant David Hansberry's motion to vacate his sentence under 28 U.S.C. § 2255 without prejudice and instructed Defendant to refile the motion in the proper manner. ECF 337, PgID 8122–23. Defendant then appealed the denial. ECF 343. Judge Nalbandian denied Defendant a certificate of appealability and in forma pauperis status to pursue the appeal. *Hansberry v. United States*, No. 21-2733, ECF 10-2 (6th Cir. Mar. 15, 2022).

While the appeal was pending, Defendant moved again to vacate his sentence under 28 U.S.C. § 2255. ECF 348. Defendant alleged three claims of ineffective assistance of counsel. *Id.* at 8256. Defendant also moved for equitable tolling and to request discovery. ECF 346; 347.

After the Court ordered the Government to respond, ECF 350, Defendant sought to amend his memorandum of law. ECF 351. A hearing is unnecessary to resolve any of the motions. *See* E.D. Mich. L.R. 7.1(f)(1). For the following reasons, the Court will dismiss the motion to vacate.

1

## BACKGROUND

Defendant challenged his sentence under 28 U.S.C. § 2255 on three grounds. Defendant first asserted his trial counsel was ineffective because "counsel failed to investigate, interview[,] and call particular witnesses" that would have shown his actual innocence or created reasonable doubt. ECF 348, PgID 8257–63. Second, Defendant claimed that his trial counsel failed to introduce evidence such as consent judgments and forfeiture complaints that would have shown his actual innocence or created reasonable doubt. *Id.* at 8257, 8263–66. And third, Defendant asserted that his trial counsel failed to use the consent judgment at sentencing to show that he was not subject to a fourteen-point enhancement. *Id.* at 8257, 8266–68. Defendant's motion to amend asserted the same claims. ECF 351, PgID 8336.

## LEGAL STANDARD

An individual sentenced by a federal court may seek to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The statute provides four grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or [federal] laws, (2) that the [C]ourt [lacked] jurisdiction to impose [the] sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was

so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).

## DISCUSSION

The Court will first address the motion to amend. After, the Court will resolve the motion for equitable tolling and the timeliness of the § 2255 motion. Last, the Court will address the merits of the § 2255 motion.

I. Motion to Amend

The Court will grant Defendant's motion to amend his memorandum of law. The motion did not add any new claims. *See* ECF 348. Instead, it expanded on Defendant's factual and legal arguments. Because there are no new claims and the motion to amend was filed before the Government responded, the Court will grant the motion to amend the memorandum of law.

II. Motion for Equitable Tolling and Timeliness of the § 2255 Motion

The Court will deny Defendant's motion for equitable tolling. ECF 346. As a result, the Court will deny the § 2255 motion as untimely.

From the start, Defendant has failed to follow simple procedural rules. And throughout the proceedings, the Court has given Defendant several chances to properly pursue his motion.

The first time, Defendant filed an eighty-three-page motion to vacate his sentence the day before the one-year limitations period deadline. ECF 297 (stricken). On top of that, his lengthy brief was "incomplete," and he claimed that he needed

3

more time to "fully develop all of the arguments." ECF 322, PgID 7814 (quotation omitted).

The Court denied Defendant's motion without prejudice because it violated the Court's local rules, but it granted Defendant's motion for equitable tolling "so that Defendant [could] submit a completed § 2255 motion that complie[d] with the rules." ECF 322, PgID 7817. The limitations period "end[ed] seventy-five days from" March 25, 2021. *Id.* The Court reminded Defendant that he needed to comply with the *Rules Governing Section 2255 Proceedings for the United States District Courts* and with local rules. *Id.* The Court even copied and pasted Local Rule 7.1 in the order. *Id.* at 7816. And most important, the Court advised Defendant that there would be no future extensions to the deadline given that "Defendant has had over a year and a half to complete the § 2255 motion." *Id.* at 7818.

Defendant then filed another motion to vacate before the tolled deadline had expired. ECF 332; 334 (both stricken). But Defendant again failed to conform to the Court's procedural rules because he filed a brief that exceeded eighty pages and that was made in two filings. ECF 332; 334 (both stricken).

Because Defendant ignored the local rules again, the Court denied his motion for leave to file the oversized brief and dismissed the filings without prejudice. ECF 337. The order stated that "[g]iven the dismissal without prejudice, Defendant may move to vacate his sentence under § 2255 in the future" and that "he must move to equitably toll the limitations period" because the one-year limitations period had expired. *Id.* at 8123. The Court denied a certificate of appealability and in forma

4

pauperis status on appeal because Defendant could not take an appeal in good faith. *Id.* at 8123–24.

Still, Defendant appealed. ECF 343. And Judge Nalbandian refused to grant in forma pauperis status or a certificate of appealability to Defendant because "[n]o reasonable jurist could conclude that the sanction of dismissal without prejudice was excessive in view of [Defendant]'s knowing violation of the rule." *Hansberry*, No. 21-2733, ECF 10-2, PgID 5 (6th Cir. Mar. 15, 2022). In other words, Defendant pursued a frivolous appeal. While the appeal was pending, Defendant filed the present motion to vacate in September 2021, ECF 348, along with a motion for equitable tolling, ECF 346.

To qualify for a grant of equitable tolling, Defendant must show that (1) he has been "pursuing his rights diligently," and that (2) "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citation omitted). And "[t]ypically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000) (citations omitted). For four reasons, the Court will deny the motion.

First, Plaintiff has not shown that he has been diligently pursuing his rights. *See Holland*, 560 U.S. at 649. The original limitations period expired in October 2020.

5

*See* ECF 322, PgID 7813. Although the first motion was timely, ECF 297 (stricken), the motion was defective under Rules 2(b)(1) and (2) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, ECF 322, PgID 7815. Besides, the now-stricken eighty-three-page filing was "incomplete," and he claimed that he needed more time to "fully develop all of the arguments." *Id.* at 7814 (citation omitted). And as explained above, the Court granted Defendant another seventy-five days to simply conform his motion to the procedural requirements so that it was not defective. ECF 322, PgID 7815. But after two months, Defendant did not try to comply; he side-stepped the rules and split his briefing into two filings. ECF 332; 334 (both stricken). And in the end, Defendant pursued a frivolous appeal of the Court's dismissal without prejudice.

The Sixth Circuit is clear that the Court should "sparingly" grant tolling. *Robertson*, 624 F.3d at 784 (citation omitted). Defendant has repeatedly flouted simple procedural rules, and it would be inequitable to reward that behavior with a second tolling of the limitations period. *See Branham v. Micro Comput. Analysts*, 350 F. App'x 35, 38 (6th Cir. 2009) ("[F]ederal courts 'have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'") (citation omitted); *see also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (explaining that pro se litigants are expected to follow the Court's procedural rules).

6

Second, Plaintiff has shown no "extraordinary circumstances [that] stood in his way" to prevent him from timely conforming his brief. *See Holland*, 560 U.S. at 649. Defendant stated that "he is not a lawyer," and that he "[m]isinterpreted the Court's [or]der," ECF 346, PgID 8230. But the Court explained in plain language the expectations for Defendant's future filings:

> In the future, the Court reminds Defendant that any filing he submits to the Court must comply with Local Rule 7.1. Defendant may therefore file either: (1) a brief of no more than twenty-five pages, doubled-spaced, with 14-point font; or (2) a brief of no more than twenty pages, doubled-spaced, with 12-point font. If Defendant's filings violate Local Rule 7.1, the Court will strike the filings.

ECF 322, PgID 7816 (internal citation omitted). And the Court again warned Defendant that he had "seventy-five days . . . to submit a brief in support of [his] § 2255 motion. The brief must comply with local rules . . . [and] [i]f the brief violates local rules or is untimely filed, the Court will strike the brief." *Id.* at 7817. Given the clear warnings, Defendant's argument that "[he] is not trained in the area of law" and that he does not "have any formal education in . . . this subject matter" is meritless. ECF 346, PgID 8230. Complying with simple formatting rules such as page limits and spacing requires no legal training, and the Court specifically detailed the formatting expectations for Defendant. *See* ECF 322, PgID 7816–17; E.D. Mich. L.R. 7.1(d)(3)(A).

Third, Defendant's argument that his prison limitations precluded a timely filing does not present an "extraordinary circumstance." *See Holland*, 560 U.S. at 649. Section 2255 motions to vacate are only brought by prisoners, and many prisoners experience the same conditions that Defendant has experienced. Limited

access to the library, resources, and outside assistance are the norm for prisoners, not the exception. *See, e.g.*, *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 752 (6th Cir. 2011) (holding that pro se status and limited law-library access is not enough to warrant equitable tolling).

And last, Defendant assumed that the Court would again toll the limitations period. ECF 346, PgID 8232. Defendant appeared to applaud his own two-month delay because "this Court has routinely given [Defendant] 75 days to complete his 2255 motion. In this instance, [Defendant] has filed the document ahead of this schedule." *Id.* But the Court has only tolled the limitations period once—not "routinely." *See* ECF 322. And besides, routine delays on top of a seventy-five-day limitations period toll does not show that Defendant has been "pursuing his rights diligently." *Holland*, 560 U.S. at 649. All told, the Court will deny Defendant's motion for equitable tolling.

Because a motion to vacate under Section 2255 carries a one-year limitations period, 28 U.S.C. § 2255(f), Defendant's motion to vacate is untimely. The limitations period for Defendant's claims ran from the later of two events.[1] First, the period could run from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). And second, the period could run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(4). Failure to move within the one-year

---

[1] Defendant did not argue that § 2255(f)(2) or (3)'s tolling date would apply to the motion. *See* ECF 346; 348. And based on the Court's review, § 2255(f)(2) and (3) do not apply.

8

limitations period means the Court must deny the § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

As the Court said in a previous order, Defendant had to move to vacate "no later than October 22, 2020" based on § 2255(f)(1). ECF 322, PgID 7813. Defendant filed the present motion to vacate eleven months past that date. ECF 348. Thus, the motion to vacate is untimely under § 2255(f)(1).

Next, Defendant has not argued in the recent filings, ECF 346; 348; 351; 359, that he is relying on § 2255(f)(4)'s limitations period. Defendant "bears the burden of proving that he exercised due diligence" under § 2255(f)(4). *Johnson v. United States*, 457 F. App'x 462, 468 (6th Cir. 2012) (quoting *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)). Based on the Court's review, Defendant has not asserted facts that he did not know about the timing requirements before October 2020, and if he were to do so, then he did not exercise due diligence in discovering them. As a result, the one-year limitations period under § 2255(f) expired for all Defendants' claims before he moved to vacate his sentence. The Court will therefore deny the motion as untimely.

But even if Defendant had filed a timely § 2255 motion, Defendant failed to meet his heavy burden under *Strickland* to show ineffective assistance of counsel.

III.     Merits of the § 2255 Motion

"Defendants alleging the ineffective assistance of counsel bear 'a heavy burden of proof.'" *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (quoting *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005)). To succeed on an ineffective assistance of counsel claim, Defendant must show (1) that his counsel's representation "fell below

9

an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The Court will address the three *Strickland* claims in turn.

    A.    *Failure to Investigate and Call Witnesses*

Defendant first argued that his counsel failed to call retired Detroit police officer Larry Barnett as a witness, which would have resulted in an acquittal on the conspiracy count. ECF 351, PgID 8338–41. Defendant claimed that Barnett would have testified that Defendant did not steal $900,000 during the July 26, 2020 raid and that Defendant did not accept a bribe from a drug dealer but was instead "simply doing his job." *Id.* at 8339–41. Yet the arguments bear on the criminal charges of which he was acquitted—not the conspiracy charge. *See also* ECF 265, PgID 7098 (holding that quid pro quo evidence would only "provide[] an example on how the jury could acquit Defendant[] on the substantive counts—but not on conspiracy").

To convict Defendant of conspiracy to commit Hobbs Act extortion, the Government "had to prove, beyond a reasonable doubt, that: (1) two or more persons conspired, or agreed, to commit the substantive crime of Hobbs Act extortion; and (2) [Defendant] knowingly and voluntarily joined the conspiracy." *United States v. Dimora*, 879 F. Supp. 2d 718, 728 (N.D. Ohio 2012) (citation omitted). At trial, the parties stipulated to jury instructions, which included a near-identical instruction on the conspiracy count. ECF 112, PgID 454; *see also* ECF 265, PgID 7106 (explaining that the Court used Sixth Circuit pattern jury instructions to explain conspiracy and

10

extortion). Missing from the conspiracy definition, of course, is a requirement that the person must then commit extortion. Defendant's arguments that he did not steal money and that he did not except a bribe are both irrelevant to Defendant's conspiracy conviction. *See* ECF 351, PgID 8338–41. Simply put, the evidence, even if presented to the jury, would not have changed the outcome on the conspiracy count.

At best, Barnett's testimony would have only undermined the credibility of certain Government witnesses. Still, the testimony would have been cumulative of defense counsel's hardy impeachment of the Government's witness throughout trial. Indeed, Defendant was acquitted of all substantive counts despite the jury hearing testimony from "over 50 [Government] witnesses." ECF 351, PgID 8335; *see also* ECF 121 (Jury Verdict Form) ("Not Guilty" on nine of ten counts). "[T]he failure to present additional mitigating evidence that is merely cumulative of that already presented does not rise to the level of a constitutional violation." *Getsy v. Mitchell*, 495 F.3d 295, 313 (6th Cir. 2007) (en banc) (internal quotation marks and quotation omitted). Defendant cannot therefore show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Defendant next argued that his lawyer was ineffective when his counsel did not call retired Michigan State Police Sergeant Lynn Sanders as a witness. ECF 351, PgID 8341–44; *see also* ECF 348, PgID 8287–92 (Sanders Affidavit). Defendant claimed that Sanders could have testified that Defendant's "agreement with [an informing drug dealer] was proper use of the tactic known as investigative deception."

11

ECF 351, PgID 8342. As Defendant put it, the testimony would have shown that Defendant "lack[ed] the . . . element of criminal intent." *Id.* at 8343. But Defendant cannot show that he was prejudiced by the absence of the testimony.

First, the evidence would be useful only if Sanders's testimony could show that Defendant did not knowingly and voluntarily join the conspiracy. That question necessarily bears on Defendant's state of mind. Defendant explained that if Sanders had testified, he could have "contextualize[d] [Defendant]'s conduct heard in the recordings" that the Government offered to prove the conspiracy. ECF 351, PgID 8342. Indeed, Defendant did not assert that Sanders had firsthand knowledge about Defendant's state of mind. Rather, Defendant would have had Sanders provide an expert opinion about "investigative deception" and that Defendant's conduct matched the conduct of an officer who had engaged in the tactic. *Id.*

But the Government offered evidence from two co-Defendants who confirmed Defendant's involvement in the conspiracy, and it presented the recorded conversation between Defendant and a drug dealer which showed that "Defendant[] took drugs and money to provide protection for [drug dealers]—and Defendant[] took drugs and money to make charges 'go away' for [drug dealers]." ECF 265, PgID 7098. The mountain of evidence against Defendant[2] could not have been moved by a single opinion that lacked first-hand knowledge of Defendant's conduct. To be sure, Defendant's burden here is to show "a reasonable *probability* that, but for counsel's

---

[2] The Sixth Circuit has agreed that the evidence against Defendant amounted to "a quid pro quo." ECF 265, PgID 7096.

12

unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694 (emphasis added), not a mere *possibility* of a different outcome.

In short, counsel's failure to call Barnett and Sanders were not *Strickland* errors. Considering the vast record evidence against Defendant on the conspiracy charge, Defendant cannot show a reasonable probability that the proceeding would have been different had either Barnett or Sanders testified.

B. *Failure to Introduce Evidence*

Defendant next argued that his counsel's failure to admit certain inter-office memoranda, police reports, and court documents amounted to ineffective assistance of counsel. ECF 351, PgID 8344–55. But his counsel's decision to not admit the evidence was a strategic decision that did not "f[a]ll below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.").

Defendant argued that the inter-office memoranda, ECF 348, PgID 8310–17, if offered, could have put Defendant's "actions and words in the proper context," ECF 351, PgID 8345. But the inter-office memoranda do not bear on whether Defendant conspired with others to commit extortion. The memoranda show only that Defendant reported one officer, which does not cut against his own conspiracy charges. ECF 348, PgID 8310–17. Thus, Defendant's counsel acted reasonably by not admitting the memoranda to dispute the conspiracy count.

13

Defendant next asserted that his counsel's failure to admit certain police reports and court documents, ECF 348, PgID 8294–309, deprived him of a complete defense at trial. ECF 351, PgID 8346–47 ("Through the introduction of these documents, counsel could have illustrated that Calhoun was taking a true event and changing the facts to alleged criminal activity."). But his counsel's decision not to admit the evidence at trial was a reasonable strategy. For one, the public documents are records of civil forfeitures, a register of actions, and a crime report—the documents do not bear on Defendant's conspiracy at all. *See* ECF 348, PgID 8294–309. For another, Defendant's arguments for why the documents should have been admitted do not "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (cleaned up); *id.* (stating that the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). At most, the public documents could have undermined the credibility of *one* Government witness. ECF 351, PgID 8347.

It is also unclear how the civil forfeiture records bear on the conspiracy count, and Defendant's argument that the documents could have exposed the Government's witness's "ability to take actual events and manipulate material facts to alleged crimes" is conclusory. Conclusory arguments "are insufficient to overcome the presumption of reasonable professional assistance and are insufficient to warrant habeas relief." *Wogenstahl v. Mitchell*, 668 F.3d 307, 335–36 (6th Cir. 2012) (italics

14

removed). Defendant therefore cannot overcome the presumption of reasonable professional assistance of counsel. The claim fails under the first *Strickland* prong.

### C. *Failure at Sentencing Regarding Fourteen-Point Enhancement*

Defendant's last *Strickland* claim asserted that his counsel should have introduced Barnett's testimony to disprove the fourteen-point enhancement at sentencing. ECF 351, PgID 8356. The Court has already explained above why Barnett's testimony would have been cumulative, and the same rationale applies here. *See Getsy*, 495 F.3d at 313. What is more, Defendant's lawyer objected, multiple times, to the probation department's assessment of the loss amount. ECF 164, PgID 1619–22; ECF 178, PgID 1967, 1973. And the objections related to the credibility of multiple Government witnesses, which is precisely what the Barrett testimony might have done. ECF 178, PgID 1967 ("[W]e would object to the inclusion of [the additional loss amount because] . . . Mr. Jackson begrudgingly admitted on cross-examination that he personally didn't know how much money was there.") ("Mr. Jackson is not a witness who should be relied upon for much of anything.") ("And the only testimony we had about . . . money [allegedly] being taken from that truck was [Mr. Jackson's] testimony and this incredible testimony from Officer Leavells, a man who admitted that he had on numerous, numerous occasions . . . perjured himself to other judges and to prosecutors."); *id.* at 1973 ("[The money] was out of [Jackson's] possession and control . . . [which] requires not only that Mr. Jackson speculate but then, on top of that, this Court to speculate as to the amount of money that was there."). And defense counsel's arguments were strong given that the Court ultimately sustained one of his

15

objections to the loss calculation and reduced the probation agent's calculations by two levels. *Id.* at 1978–80.

In all, Defendant's counsel was far from ineffective and Defendant did not carry his "heavy burden of proof" to show otherwise. *Pough*, 442 F.3d at 966. The Court will therefore deny Defendant's motion to vacate the sentence on the merits. Because the Court is denying the motion to vacate, the Court will deny the motion to expand the record and requests for discovery, ECF 347, as moot.

III.  Certificate of Appealability and Proceeding In Forma Pauperis on Appeal

To appeal the Court's decision, Defendant must obtain a certificate of appealability. To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Defendant must show that reasonable jurists could debate whether the Court should have resolved the § 2255 motion in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Jurists of reason would not debate the Court's denial of Defendant's motion. The Court will therefore deny a certificate of appealability.

The Court will also deny Defendant leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to vacate sentence under 28 U.S.C. § 2255 [348] is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for equitable tolling [346] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to expand the record and request for discovery [347] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the motion to amend [351] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **CLOSE** Civil Case No. 2:21-cv-12245.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 30, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager